UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-0697 (PLF) |
| UNITED STATES DEPARTMENT OF JUSTICE, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

I. INTRODUCTION

This matter, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on the motion for summary judgment brought on behalf of the Department of Justice's Office of Professional Responsibility ("OPR").[1] It pertains to plaintiff's request dated August 27, 2004, for "any DOJ/FBI/EOUSA or FDIC report or study on wrongful withholding of *Brady* material, its causes and cures." Defendant's Statement of Material Facts Not in Dispute ¶ 7. By letter dated October 20, 2004, OPR informed plaintiff that its search located no responsive records. Plaintiff challenges this determination on the basis that defendant improperly interpreted its FOIA request. Upon consideration of the parties' submissions and the relevant portions of the record, the Court will grant OPR's summary judgment motion.

---

[1] The motion was brought initially on behalf of OPR, the Office of Legal Counsel ("OLC") and the Office of Inspector General ("OIG"). Plaintiff voluntarily dismissed the claims against the OLC and the OIG. *See* Order of March 31, 2005.

## II.  DISCUSSION

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.   In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

When, as here, responsive records are not located, the Court must determine whether the agency conducted an adequate search for records.  A search is adequate if the agency demonstrates "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents."  Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983); see Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325-26 (D.C. Cir. 1999); Blanton v. U.S. Dep't of Justice, 63 F. Supp.2d 35, 40-41 (D.D.C. 1999).  "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)).

The FOIA obligates an agency to "make [requested] records promptly available" upon a request that "(i) reasonably describes such records . . ." 5 U.S.C. § 552(a)(3)(A). The agency is obligated "under the law of this circuit 'to construe a FOIA request liberally'" in favor of disclosure. LaCedra v. Executive Office for United States Attorneys, 317 F.3d 345, 348 (D.C. Cir. 2003) (quoting Nation Magazine v. United States Customs Service, 71 F.3d 885, 890 (D.C. Cir. 1995)). It is not, however, "required to divine a requester's intent." Landmark Legal Foundation v. E.P.A. 272 F. Supp.2d 59, 64 (D.D.C. 2003) (citing Kowalczyk v. Dep't of Justice, 73 F.3d 386, 388-89 (D.C. Cir. 1996)).

Plaintiff contends that OPR improperly narrowed its request by excluding a search for records pertaining to investigations or inquiries of Brady or Giglio violations.[2] See NACDL'S Opposition to OPR's Summary Judgment Motion and Motion for a More Adequate Vaughn Index ("Pl.'s Opp.") at 4 ("narrow[ing]" request). Unlike in LaCedra v. Executive Office for United States Attorneys, supra, where the request for "all documents" was "in considerable tension" with the request for specifically enumerated items, id. at 348, plaintiff's request is not ambiguous or "reasonably susceptible to the broader reading." Id. Defendant reasonably read the request literally, i.e., as seeking "any reports or studies," Declaration of Dale K. Hall [Doc. No. 36-3] ¶ 16, as opposed to seeking "documents concerning investigations into specific allegations of misconduct by Government attorneys. . . ." Supplemental Declaration of Dale K. Hall [Doc. No. 50- 1] ¶ 6. It therefore properly limited its search to records "that contained an overall analysis of Brady violations, which would include a discussion of [case law,

---

[2]   See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150, 154-55 (1972).

regulations, examples, statistical information] common causes . . . and [] necessary cures or actions to ensure that Department attorneys fulfill future Brady obligations." Id.  In other words, something akin to "a law review article in scope and nature." Id.  In response to OPR's interpretation of the request, plaintiff now "narrow[s]" the request to "OPR records of 'investigations' or 'inquiries' conducted by OPR from 1995 to the present date, involving allegations of Brady or Giglio violations" and related "public summaries." Pl.'s Opp. at 4.  This request is substantially different from the original one and therefore is beyond the scope of this litigation.[3]  See Kowalczyk v. Dep't of Justice, 73 F.3d at 388 (agency's "reasonable effort to satisfy [a] request does not entail an obligation to search anew based upon a subsequent clarification") (citing Biberman v. FBI, 528 F. Supp. 1140, 1143 (S.D.N.Y. 1982)) (applying same reasoning to new requests made during FOIA litigation).  Plaintiff must pursue the new request at the administrative level and exhaust his administrative remedies before seeking judicial review.  See Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003) ("as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance).

       The Court turns now to the central question of whether OPR conducted an adequate search for responsive records.  Plaintiff does not challenge the mechanics of the search.  The Court is satisfied from the Hall declaration at ¶¶ 17-19 and his supplemental declaration at ¶¶ 3-4 that OPR conducted a search reasonably calculated to locate records responsive to the

---

[3] As Mr. Hall reasonably observes, the new request "seeks entirely new categories of documents," some of which did not exist at the time of the original request.  See Hall Suppl. Decl. ¶ 9.

request as properly interpreted.[4]  Using the terms "Brady" and "report" and "Brady" and "study," Mr. Hall searched the Bibliographic Retrieval Service ("BRS") and the websites of the following DOJ service and components: Publications & Documents, the Bureau of Justice Statistics, the Office of the Attorney General, the Executive Office for United States Attorneys and the Office of Justice Programs. Hall Decl. ¶¶ 17, 19.  In addition, he performed a global search of DOJ's website and "consulted with three senior staff members who have a comprehensive working knowledge of OPR and its records."  Hall Suppl. Decl. ¶ 4.  Neither staff member was aware of "any responsive records in OPR's possession."  Id.  Twelve records located in the BRS containing the search terms of "'Brady' near 'report'" were reviewed and determined to be non-responsive, Hall Decl. ¶ 17, as were records located from the global search.  Id. ¶ 19.  Because no OPR records were located and withheld, plaintiff's motion for a Vaughn index will be denied as moot.

     For the foregoing reasons, the Office of Professional Responsibility's motion for summary judgment is granted.  A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 15, 2006

---

[4]  Defendant has produced in this record an unredacted document referred from the Criminal Division in March 2005 as having originated with OPR. Hall Decl., Ex. 9.  While awaiting the referral, OPR located the document apparently in its own files.  Hall Decl. ¶ 25.  Mr. Hall explains satisfactorily why he could not have located the document during his search in 2004 without performing "an enormous task, which may not have yielded the desired results." Id. ¶ 26.  Defendant's previous failure to locate the document does not create a triable issue on the search because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." Iturralde v. Comptroller of Currency, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994)).