UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF              )
CRIMINAL DEFENSE LAWYERS,             )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )      Civil Action No. 04-0697 (PLF)
                                      )
UNITED STATES DEPARTMENT              )
OF JUSTICE, et al.                    )
                                      )
        Defendants.                   )
_____)

OPINION

This action, brought under the Freedom of Information Act, 5 U.S.C. § 552, is before the Court on plaintiff's motion for partial summary judgment [Doc. No. 52] and supplemental motion for summary judgment [Doc. No. 65] and the cross-motion of defendant Department of Justice for summary judgment brought on behalf of the Federal Bureau of Investigation, the Office of Information and Privacy ("OIP"), the Criminal Division of the Justice Department, and the Executive Office for United States Attorneys ("EOUSA")[Doc. No. 62].[1] Upon consideration of the parties' submissions and the relevant portions of the record, the Court denies plaintiff's motion for partial summary judgment, grants in part and defers ruling in part on plaintiff's supplemental motion for summary judgment, and grants in part and defers ruling in part on DOJ's cross-motion for summary judgment.

---

[1] See Order of March 15, 2006 (granting DOJ's summary judgment motion brought on behalf of the Office of Professional Responsibility).

I.   BACKGROUND

In August 2004, plaintiff requested from DOJ "Brady material pertaining to Generelli," as specifically identified, and "reports or studies by DOJ on 'wrongful withholding of Brady material, its causes and cures.'"  Plaintiff NACDL's Statement of Material Facts as to Which There is No Genuine Dispute ("Pl's Facts") [Doc. No. 52-3] ¶¶ 4-5.[2]  Records pertaining to Generelli were withheld in their entirety under Exemptions 6 and 7(C) of the FOIA.  DOJ Defendant's Statement of Material Facts as to Which There is No Genuine Dispute ("Def.'s Facts") [Doc. No. 62] ¶¶ 16-17. With respect to the searches conducted in response to the request for Brady-related reports or studies, OIP conducted searches of the Offices of the Attorney General, the Deputy Attorney General and the Associate Attorney General, and located no responsive records, id. ¶¶ 12-13, except that it referred two "potentially responsive" documents to EOUSA.  Id. ¶ 14.  EOUSA, in turn, withheld the referred documents in their entirety under FOIA Exemptions 2, 5, 7(C) and 7(E).  Id.  From its own search, EOUSA located "eight documents arguably responsive" to the request.  Id. ¶ 19.  It released two "pages" of information and withheld 33 "pages" under the previously listed exemptions.  Id.; see Declaration of John F. Boseker ¶ 13.  EOUSA "deemed" 105 pages "unresponsive."  Id.  The FBI and the Criminal Division located no responsive records.  Id. ¶¶ 15, 18.

On August 1, 2005, plaintiff moved for partial summary judgment on the claim arising from its request for records pertaining to Generelli.  DOJ cross-moved for summary judgment on November 14, 2005.  On December 27, 2005, plaintiff filed its supplemental motion for summary judgment on the claim arising from its request for Brady-related reports or studies.  DOJ filed its opposition to that motion on February 6, 2006.

---

[2]   See Brady v. Maryland, 373 U.S. 83 (1963).

II.  DISCUSSION

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.  In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

When, as here, responsive records are not located, the Court must determine whether the agency conducted an adequate search for records.  A search is adequate if the agency demonstrates "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983); see Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325-26 (D.C. Cir. 1999); Blanton v. U.S. Dep't of Justice, 63 F. Supp.2d 35, 40-41 (D.D.C. 1999). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)).  Summary judgment is inappropriate "if a review of

the record raises substantial doubt" about the adequacy of the search.  Valencia-Lucena v. U.S. Coast Guard, 180 F.3d at 326  (citing Founding Church of Scientology v. National Security Agency, 610 F.2d 824, 837 (D.C. Cir. 1979)).

   The FOIA obligates an agency to "make [requested] records promptly available" upon a request that "(i) reasonably describes such records . . ."  5 U.S.C. § 552(a)(3)(A).  The agency is obligated "under the law of this circuit 'to construe a FOIA request liberally'" in favor of disclosure.  LaCedra v. Executive Office for United States Attorneys, 317 F.3d 345, 348 (D.C. Cir. 2003) (quoting Nation Magazine v. United States Customs Service, 71 F.3d 885, 890 (D.C. Cir. 1995)).  It is not, however, "required to divine a requester's intent." Landmark Legal Foundation v. E.P.A. 272 F. Supp.2d 59, 64 (D.D.C. 2003) (citing  Kowalczyk v. Dep't of Justice, 73 F.3d 386, 388-89 (D.C. Cir. 1996)).  In its supplemental motion for summary judgment and supporting memorandum, plaintiff appears to blur the lines between its request for records concerning Generelli and its request for DOJ reports or studies involving Brady violations.  Because the FOIA confers jurisdiction on this Court only to determine whether the government has improperly withheld agency records in response to a request, see 5 U.S.C. § 552(a)(4)(B), the Court will address separately the merits of the claims arising from each request.

   *A.  Plaintiff's Request for Brady Material Pertaining to Generelli*

   Plaintiff has stated throughout this litigation that this request seeks production of "the same improperly withheld agency records that are at issue in the Martin FOIA case," to which this case was filed as related.  Pl.'s Motion for an Expedited Decision [Doc. No. 90] at 1; see also Pl's Facts at 2-4.  Martin v. Department of Justice, Civ. Action No. 96-2866, is

currently on appeal to the United States Court of Appeals for the District of Columbia Circuit. On February 27, 2006, this Court entered partial judgment in this case for the Federal Deposit Insurance Corporation. Plaintiff noticed its appeal of that judgment on March 1, 2006. By Order of May 23, 2006, the D.C. Circuit consolidated plaintiff's appeal with the Martin appeal. Martin v. Department of Justice, No. 05-5207 (D.C. Cir., May 23, 2006) (Order). The resolution of this claim is substantially similar to Martin. Martin v. Department of Justice, Civ. Action No. 96-2866 (Op., Mar. 28, 2005).

Defendants withheld all records pertaining to Generalli under Exemptions 6 and 7(C). See Def.'s Facts ¶¶ 16-17. Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(6). All information that "applies to a particular individual" qualifies for consideration under this exemption. U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982); see also New York Times Co. v. NASA, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc); Chang v. Dep't of Navy, 314 F. Supp.2d 35, 42-43 (D.D.C. 2004). Exemption 7(C) protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). Both Exemptions 6 and 7(C) require the balancing of the strong privacy interests in the nondisclosure of third-party records against any asserted public interests in their disclosure. The D.C. Circuit "has deemed the privacy inquiry of Exemptions 6 and 7(C) to be essentially the same." Judicial Watch, Inc. v. Dep't of Justice, 365 F.3d 1108, 1125 (D.C. Cir. 2004) (citing Reed v. NLRB, 927 F.2d 1249, 1251 (D.C. Cir. 1991); Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 874

(D.C. Cir. 1989)); see also Beck v. Department of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993) (although the "protection available under these exemptions is not the same, . . . [t]he same [balancing] standard" applies).

Because the responsive records at issue here are maintained in law enforcement files, the Court will address the issue under the "somewhat broader" protection of Exemption 7(C). Beck v. Department of Justice, 997 F.2d at 1491 (quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 756 (1989)). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. National Archives and Records Administration v. Favish, 541 U.S. 157, 172 (2004); Beck v. Dep't of Justice, 997 F.2d at 1491; Stern v. FBI, 737 F.2d 84, 91 (D.C. Cir. 1984). It is the "interest of the general public, and not that of the private litigant" that the Court considers in this analysis. Brown v. FBI, 658 F.2d 71, 75 (2d Cir. 1981) (citing Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975)). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses 'on the citizens' right to be informed about what their government is up to.'" Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. at 773).

There is no dispute about Exemption 7(C)'s application to the Generelli records. Plaintiff asserts, however, that no privacy interests are at stake because it is not requesting the release of third-party identifying information and therefore any privacy concerns may be "minimized or eliminated" by substituting "X . . . for the name of the witness." Pl's Mem. [Doc. No. 52] at 28. Plaintiff's request for "Brady material pertaining to Generelli," however,

6

necessarily identifies the third-party. As defendants rightly point out, "in order to be responsive to Plaintiff's request, there is no question than any material disclosed would pertain to Mr. Generelli and that Mr. Generelli would be 'X'." Def.'s Mem. at 11, n.9. Plaintiff argues nonetheless that the public interest in disclosing the Generelli records outweighs his privacy interests because the information plaintiff seeks is "wrongfully withheld Brady material" allegedly identified by a magistrate judge presiding over proceedings held under 28 U.S.C. § 2255 in the Northern District of Texas. Pl's Mem. at 5. In oral argument before the D.C. Circuit in Martin, however, plaintiff conceded that no Brady violation was found during the Section 2255 proceedings. Pl.'s Appendix F [Doc. No. 72], Transcript at 5. Plaintiff insisted nonetheless, as it does throughout these proceedings, that "Brady material [was] wrongfully withheld." Id. The Court need not resolve this issue because even if plaintiff has produced sufficient evidence to advance to Exemption 7(C)'s balancing requirement, its asserted public interest in the alleged exculpatory evidence does not tilt the scales in its favor.

Generelli, like all private individuals, has a "substantial" privacy interest in not being associated with law enforcement proceedings. SafeCard Services, Inc., v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991). Recognizing "that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm," the Court in SafeCard determined that "Exemption 7(C) 'affords broad[] privacy rights to suspects, witnesses, and investigators.'" Id. (quoting Bast v. Department of Justice, 665 F.2d 1251, 1254 (D.C. Cir. 1981)) (other citations and quotations omitted). Because "[t]he public interest in disclosure [of such information] is not just less substantial, it is insubstantial," such privacy interests generally are protected under Exemption 7(C). Id.; accord Nation Magazine v. U.S. Customs Serv., 71

7

F.3d 885, 895 (D.C. Cir. 1995) ("In some, perhaps many, instances where a third party asks if an agency has information regarding a named individual in its law enforcement files, the cognizable public interest in that information will be negligible; the requester will be seeking records about a private citizen, not agency conduct").

Plaintiff asserts that the information is needed, inter alia, to "expos[e] government wrongdoing" by "opening to the light of public scrutiny the operations of government gone wrong, and showing the need for reform in producing Brady material; illuminating important public events about a major bank failure; monitoring the government's performance of its statutory duties . . . inquiring into the operations of the United States Department of Justice, the FBI, the FDIC, and other government agencies, and significantly contributing to public understanding of the operation of these government agencies." Pl.'s Mem. at 27.  In addition, plaintiff asserts that the information will assists it in "its mission and responsibility to educate the public about criminal justice matters" by, inter alia, "assisting an open public study by Plaintiff NACDL of wrongfully withheld Brady material, its causes and cures." Id.  While this argument may have some force with respect to plaintiff's request for Brady reports and studies conducted by a government agency, it is not persuasive with respect to a specific criminal case or investigation relating to a particular individual.

Plaintiff rightly asserts that, unlike the plaintiff in Martin, it has no "personal stake" in the information (i.e., to challenge a criminal conviction).  The weighing of interests, however, compels the same result.  As the Court noted in Martin, the release of exempt information based on the Texas court's finding of a Brady violation would be akin to "exposing a single, garden-variety act of misconduct [which] would not serve the FOIA's purpose of showing 'what the Government is up to.'" Martin v. Department of Justice, Op. at

8

12, n.8 (quoting Oguaju v. United States, 288 F.3d at 451) (quoting United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989)).  This is so because such information is relevant only as to the unique facts and circumstances surrounding that criminal proceeding.  In other words, knowing what, if anything, went wrong in Martin's case in the Northern District of Texas would not shed any light on the government's operations as a whole.  Moreover, the Court does not see how the content of the records, i.e., information about the suspected misconduct of a private individual, could, in isolation, provide "compelling evidence" of the agency's misconduct.  See, e.g., Quinon v. FBI, 86 F.3d at 1231.  Such information "is simply not very probative of an agency's behavior or performance." SafeCard Services, Inc., v. SEC, 926 F.2d at 1205.

        Accordingly, defendants are entitled to summary judgment on the claim arising from plaintiff's request for Generelli records.  Plaintiff's motion for partial summary judgment [Doc. No. 52] therefore will be denied.

*B.  Plaintiff's Request for Brady Reports or Studies*

        In response to plaintiff's request for "reports or studies by DOJ on wrongful withholding of Brady material, its causes and cures," OIP searched its "Departmental Executive Secretariat's Intranet Quorum (IQ) database [and its] Records Management System (RMS)" by key word search using "Brady material."  Doc. No. 62, Declaration of Tricia S. Wellman ("Wellman Decl.") ¶ 10.  Together, these databases contain correspondence flowing among "the Department's senior management offices" from 1987 to the present "and is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General."  Id..  "By utilizing both database systems[,] [OIP] ensured that [its]search would be likely to locate all records responsive to plaintiff's request."  Id.  In

addition, "[e]ach official within [those offices] was provided a copy of the request and [] asked to search both their paper and electronic records, including their current and archived electronic mail." Id. ¶ 12.  No responsive records were located in the Offices of the Attorney General and the Associate Attorney General.  See id ¶¶ 12-16.  OIP reviewed "potentially responsive" records located in the Office of the Deputy Attorney General and eventually referred those records, two documents totaling 50 pages, to EOUSA for processing and a direct response to plaintiff.  Wellman Decl. ¶¶ 15, 18.  The result of this referral is discussed below.

Similarly, the FBI and the Criminal Division conducted searches of their databases, but located no responsive records. The FBI used the search terms  "Brady material," "violations of Brady," "wrongful withholding of Brady material," and "reports or study on Brady material."  Doc. No. 62, Declaration of David M. Hardy ¶ 14.  The Criminal Division reasonably interpreted plaintiff's request as seeking "any report or study which would have discussed or addressed issues related to wrongful Brady withholding on an evaluative, management or program level."  Id., Declaration of Kathy Hsu ("Hsu Decl.") ¶ 10.  It therefore did not consider as responsive "all material related to Brady issues generally," such as "'reports,' which deal with issues related to wrongful Brady withholding only in an incidental or piecemeal manner." Id. ¶ 10.  "Based on a search of all offices in the Criminal Division that could be expected to maintain or have knowledge of such report or study, the Criminal Division was unable to locate any [responsive] records."  Id.

EOUSA searched its "document management system, entitled Imageware," using the terms "Brady materials," "withholding Brady materials," "Brady reports," and "Brady studies."  Doc. No. 62, Declaration of John F. Boseker ("Boseker Decl.") ¶ 18.  It located responsive records in its Counsel to the Director's Office and its Communications Center.  Id.

10

¶ 17. The Counsel's Office was determined to be the "most likely repository for any responsive records," id ¶ 18, and an "expanded search" of the Communications Center was conducted "to exhaust all likely repositories of the subject requested." Id. Plaintiff has not challenged the mechanics of the searches performed by the FBI, the Criminal Division or EOUSA, which the Court concludes were reasonably calculated to locate responsive records.

By letter of March 3, 2005, EOUSA released two pages of responsive records in part and withheld 33 pages in their entirety under FOIA Exemptions 2, 5, 7(C) and 7(E). Boseker Decl. ¶ 13; Ex. F.[3] In addition, EOUSA withheld in their entirety the 50 pages referred from OIP under the same exemptions. Id. ¶ 14. The Boseker declaration describes ten documents, see id. ¶ 35, but it is unclear whether the 33 withheld pages are included in these documents or constitute separate withholdings. See, e.g., Boseker Decl. ¶ 15 (identifying document numbers 7-10 as located upon "a further search for responsive records in previously un-searched locations in the Director's Office."). The Court will defer any discussion of the total 35 pages of material (the two pages released and the 33 pages withheld) pending EOUSA's clarification.

Plaintiff challenges EOUSA's withholding of five of the ten documents and the sufficiency of its Vaughn index. The latter challenge is baseless. "The purpose of the Vaughn index is 'to permit adequate adversary testing of the agency's claimed right to an exemption.'" Schiller v. NLRB, 964 F.2d 1205, 1209 (D.C. Cir. 1992) (quoting National Treasury Employees Union v. United States Customs Serv., 802 F.2d 525, 527 (D.C. Cir. 1986)). Specifically,

---

[3] The Boseker declaration differs from the cited exhibit as to whether the two records were released in full (declaration) or in part (Exhibit F). The Court credits the exhibit prepared contemporaneously with the release of records over the declaration prepared for this litigation. In supplementing the record, defendant should address this discrepancy and, if necessary, explain the redactions.

> [a]n adequate Vaughn index serves three functions: it forces the government to analyze carefully any material withheld, it enables the trial court to fulfill its duty of ruling on the applicability of the exemption, and it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court.

Keys v. U.S. Dept. of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987). The Boseker declaration adequately describes each of the ten documents, including the 50-page document from OIP (Document 6), and correlates the claimed exemptions with the information contained in each document. Boseker Decl. ¶ 35; cf. Judicial Watch v. Food & Drug Administration, 449 F.3d 141, 146 (D.C. Cir. 2006).

Relying on Boseker's description of the ten documents, plaintiff seeks the release of documents 1, 3, 4, 5 and 7. Pl.'s Memorandum in Support of NACDL's Supplemental Motion for Summary Judgment, Reply Brief, and Opposition to DOJ's Motion for Summary Judgment ("Pl.'s Supp. Mem.") [Doc. No. 65-5] at 30. It therefore has waived any challenge to EOUSA's withholding of the remaining documents 2, 6, 8, 9 and 10. Plaintiff claims that disclosure of Document 1, a court order, is required because it is a public record and that disclosure of documents 3, 4, 5 and 7 is required because they constitute final agency decisions.

Document 1 is described as a nine-page "Court Order . . . from a third party individual criminal case." Boseker Decl. at 10. Although EOUSA indicates that the document may not be a responsive record, it proceeds to justify its withholding under Exemptions 5 and 7(C). EOUSA "categorically applied" Exemption 7(C) because the record pertains to a third party. Id. Exemption 7(C) of the FOIA protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). This document was located in the Counsel's Office files, Boseker Decl. ¶ 18, where it is undisputed

12

that "all information at issue was compiled for law enforcement purposes in order to prosecute third party individuals." Id. ¶ 28.  Having satisfied the threshold requirement, EOUSA has not explained why it could not have released the order, which is presumed to be a public record, with any third-party identifying information redacted.  See Mays v. Drug Enforcement Administration, 234 F.3d 1324, 1327 (D.C. Cir. 2000) ("Exemption 7(C) ordinarily permits the Government to withhold only the specific information to which it applies" i.e., names, addresses and other identifying information, "unless the exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value.").[4]  EOUSA therefore has not justified its withholding of the document in its entirety under Exemption 7(C).

EOUSA also applied Exemption 5 to Document 1 to protect from disclosure "AUSA handwritten notes made in the course of the criminal prosecution and reflecting thought processes and responses to the contents. . . ."  Boseker Decl. at 10.  Exemption 5 of the FOIA protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). This provision applies to materials that normally are privileged in the civil discovery context,

---

[4] Defendant acknowledges that "such documents similar to this one may typically be kept in public records, [but] it cannot be said that this particular document was not filed under seal or since destroyed due to its age."  DOJ's Defendant's Opposition to Plaintiff's Supplemental Motion for Summary Judgment and Reply in Further Support of Defendant's Cross Motion for Summary Judgment at 14.  In view of the FOIA's "presumption in favor of disclosure," Tax Analysts v. U.S. Dep't. of Justice , 845 F.2d 1060, 1064, n.6 (D.C. Cir. 1988), aff'd 492 U.S. 136 (1989), this is a negative defendant must prove.  Cf. Morgan v. U.S. Dep't. of Justice, 923 F.2d 195, 198 (D.C. Cir. 1991) (placing burden on DOJ to prove that a court's sealing order was issued "with the intent to prohibit the DOJ from disclosing the notes as long as the seal remains in effect."); see also Tax Analysts v. U.S. Dep't. of Justice , 845 F.2d at 1064, n.8 (rejecting government's "specious" argument that Exemption 2 could apply to district court opinions).

13

including those protected by the attorney work-product privilege, the attorney-client privilege, and the deliberative process privilege. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975); see also FTC v. Grolier, Inc., 462 U.S. 19, 26 (1983) ("The test under Exemption 5 is whether the documents would be 'routinely' or 'normally' disclosed upon a showing of relevance."); Martin v. Office of Special Counsel, 819 F.2d 1181, 1184 (D.C. Cir. 1987) (same).

Plaintiff does not dispute that the handwritten notes on EOUSA's copy of the court order are protected by the attorney work-product privilege. Hertzberg v. Veneman, 273 F. Supp.2d 67, 75 (D.D.C. 2003); see Pl's Opp. at 31 ("The court opinion, with the AUS Attorney's handwritten notes redacted, is disclosable."). The court order, however, is not an "inter-agency or intra-agency memorandum[] or letter[]" and therefore does not itself qualify as a document protected by Exemption 5. The Court therefore will deny summary judgment to DOJ as to Document 1 and will direct the document's release with the handwritten notes redacted.

Plaintiff asserts that documents 3, 4, 5, and 7 must be disclosed because they are "memoranda setting out 'the working law' and ethical considerations on prosecutors' Brady disclosure obligations." Pl's Supp. Mem. at 30. Defendant invoked Exemptions 2, 5 and 7(E) to withhold these documents. Document 3 is described as two, three-page "inter-agency memoranda . . . sent from a U.S. Attorney to all Criminal, Appellate, and other Assistant U.S. Attorneys in two district offices, discussing the guidelines and procedures for implementing the Attorney General's December 9, 1996 policy concerning disclosure of information and agent misconduct." Boseker Decl. at 11. Document 4 is a one-page inter-agency memorandum entitled "Ethical Considerations", "legally analyzing ethical considerations

14

regarding Brady material and set forth as legal advice to AUSAs when a circumstance arises." Id.  Document 5 is described as "two 1997 inter-agency memos (6 pages; 7 pages) styled 'Implementation' of 'The Giglio Plan'" that provide the plans from two U.S. Attorney's offices respecting internal procedures and guidance for implementing procedures respecting Giglio/Brady circumstances."  Id at 12.  Document 7 is a three-page "intra-agency memorandum from USDOJ Criminal Division to unnamed recipients within DOJ . . . styled 'Some Principles Governing the Brady Analysis."  Id. at 13.  It "sets forth the 'Governing Principle', 'Application to Pending' and 'Closed Cases' and consists of legal analysis, legal advice, and actions to be considered and taken in the context of this legal framework."  Id.

Because documents 3, 4, 5 and 7 together constitute only 23 pages, the Court will review these documents in camera to evaluate the application of Exemption 5 to these documents or, if necessary, the application of defendant's other asserted exemptions to these same documents.[5]

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is denied, plaintiff's supplemental motion for summary judgment is granted in part, and DOJ's cross-motion for summary judgment is granted in part.  A ruling on the remaining parts of the parties' motions is deferred pending clarification of the record with respect to the 35 pages of

---

[5]  The Court has discretion to review some or all of the withheld documents in camera to determine the applicability of claimed exemptions.  See 5 U.S.C. § 552(a)(4)(B); NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978); Quinon v. FBI, 86 F.3d 1222, 1227-28 (D.C. Cir. 1996).

material discussed supra at 11, and the Court's in camera review of documents 3, 4, 5 and 7. A separate Order accompanies this Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 7, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
NATIONAL ASSOCIATION OF             )
CRIMINAL DEFENSE LAWYERS,           )
                                    )
         Plaintiff,                 )
                                    )
   v.                               )   Civil Action No. 04-0697 (PLF)
                                    )
UNITED STATES DEPARTMENT            )
OF JUSTICE, et al.                  )
                                    )
         Defendants.                )
_____)


ORDER

For the reasons stated in the accompanying Opinion it is

ORDERED that plaintiff's motion for partial summary judgment [Dkt. No. 52] is DENIED; it is

FURTHER ORDERED that defendant's cross-motion for summary judgment [Dkt. No. 62] is GRANTED on the claims arising from its processing of Generelli records and a ruling is DEFERRED on the remaining claims; it is

FURTHER ORDERED that plaintiff's supplemental motion for summary judgment [Dkt. No. 65] is GRANTED as to the claim arising from the withholding of a court order (Document 1) and a ruling is DEFERRED on the remaining claims; it is

FURTHER ORDERED that plaintiff's motion for a Vaughn index [Dkt. No. 67] is DENIED; and it is

FURTHER ORDERED that within thirty (30) days of this Order, defendant shall (1) release to plaintiff a redacted version of Document 1, (2) file a supplemental

memorandum clarifying the record with respect to information contained in 35 pages withheld either in full or in part, and (3) submit for in camera review documents 3, 4, 5 and 7.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 7, 2006